NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NICHOLAS R. LOVALLO,
Individually and on Behalf of All Others
Similarly Situated,
:               Plaintiff(s),

**OPINION**

v.

Civ. No. 14-cv-6172 (WHW)(CLW)

PACIRA PHARMACEUTICALS, INC.,
DAVID STACK, JAMES SCIBETTA, and
LAUREN RIKER,
           Defendants.

**Walls, Senior District Judge**

Plaintiff Nicholas R. Lovallo brings a federal securities class action on behalf of those who purchased shares of Defendant Pacira Pharmaceuticals, Inc. ("Pacira") between April 9, 2012 and September 24, 2014. Lovallo alleges that Pacira and certain officers and directors violated the Securities Exchange Act of 1934 by making false or misleading statements, or failing to disclose information, about its drug Exparel.

Lovallo now moves to be appointed lead plaintiff in the action. Because no class member opposes the motion, and Lovallo meets all relevant criteria, the Court appoints him lead plaintiff. Lovallo also asks that his counsel be appointed lead counsel in the action. This motion is also unopposed, and the firms meet the relevant criteria. The Court will appoint Pomerantz LLP as lead counsel and Lite DePalma Greenberg, LLC as liaison counsel for the class.

**FACTUAL AND PROCEDURAL BACKGROUND**

Lovallo brought this action against Pacira and its officers David Stack, James Scibetta and Lauren Riker (collectively, "Defendants") on October 3, 2014. Compl., ECF No. 1. The

complaint alleges that from April 9, 2012 to September 24, 2014 (the "Class Period"), Defendants made false and/or misleading statements and failed to disclose material adverse facts about Pacira's business, operations, prospects and performance. *Id.* ¶ 4. In particular, Lovallo claims that Defendants overstated the efficacy and safety of its Exparel drug. *Id.* Such misleading statements included (1) asserting that the Exparel was effective for up to 72 hours, when it is approved only for 24 hours of pain relief; (2) claiming that Exparel is safe for use in cholecystectomy and colectomy procedures, when approved labeling does not indicate use in surgical procedures other than hemorrhoidectomy or bunionectomy; and (3) issuing financial statements that incorporated revenues derived from off-label marketing. *Id.*

Lovallo alleges that Pacira's material omissions and misrepresentations were exposed by a letter from the FDA, warning that Pacira had promoted Exparel for unapproved uses. *Id.* ¶ 5. Plaintiff claims that Pacira stock fell precipitously when Pacira revealed the letter to the public on September 25, 2014, causing him and other members of the class financial damage. *Id.* Based on these factual allegations, the complaint asserts that Defendants violated §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), along with Rule 10b-5 (17 C.F.R. § 240.10b-5). *Id.* ¶ 8.

The day the complaint was filed, Globe Newswire published a press release summarizing the complaint's allegations and providing a link to an online copy of the complaint. Ex. A to Decl. of Bruce D. Greenberg, ECF No. 10. Globe Newswire is a widely circulated national business-oriented wire service. *See Sapir v. Averback*, No. 14-CV-07331, 2015 WL 858283, at *1 n.1 (D.N.J. Feb. 26, 2015). The release announced that, "[i]f you are a shareholder who purchased Pacira securities during the Class Period, you have until December 2, 2014 to ask the Court to appoint you as Lead Plaintiff for the class." *Id.* The release listed the name of the

NOT FOR PUBLICATION

Pomerantz Law Firm and provided a phone number and email address of a contact person at the firm. *Id.*

Lovallo moves under 15 U.S.C. § 78u-4(a)(3)(B) for an order (1) appointing Lovallo as lead plaintiff on behalf of all persons who purchased or otherwise acquired securities of Pacira during the time period in question; and (2) approving Lovallo's selection of Pomerantz LLP as lead counsel and Lite DePalma Greenberg, LLC as liaison counsel for the class. ECF No. 10. Lovallo alleges that he purchased 250 shares of Pacira, at $107.53 per share, on August 28, 2014. Ex. C to Greenberg Decl. During the 68 days following the Class Period, the mean price of Pacira shares was calculated at roughly $95.57 per share. *Id.* Comparing the value of his shares at the time of purchase with the average value during the 68 days following the Class Period, Lovallo estimates a loss of $2,989. *Id.* Alleged class member Jay Mesplay moved to be appointed lead plaintiff, ECF No. 9, but withdrew the motion on discovering that Lovallo had the larger financial interest. ECF No. 13.

## STANDARD FOR APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

The Private Securities Litigation Reform Act ("PSLRA") sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. *See* 15 U.S.C. § 78u–4. The PSLRA instructs a court to appoint "the most adequate plaintiff" as the lead plaintiff, and to "adopt a presumption" that the most adequate plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* §§ 78u–4(a)(3)(B)(i) & (iii)(I); *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001).

A court must consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of

publication, or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §§ 78u–4(a)(3)(B)(i) and (ii). With regard to the selection of lead counsel, the statute provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d at 222-23.

The initial determination of whether the movant with the largest interest in the case "otherwise satisfies" Rule 23 "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d at 263. To determine whether the movant has preliminarily satisfied the typicality requirement, a court "should consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based." *Id.* at 265 (citations omitted). To evaluate Rule 23's adequacy requirement, a court should consider whether a movant "has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class." *Id.* (citations omitted).

The Third Circuit has also instructed courts to examine two additional factors in making the threshold adequacy determination. The first is whether the movant "has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." *Id.* "[T]he question is whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all." *Id.* at 266.

The second additional factor "will arise only when the movant with the largest interest in the relief sought by the class is a group rather than an individual person or entity." *Id.* A court must declare a movant inadequate to represent the interests of the class "[i]f the court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff . . ." *Id.* This may occur if "a movant group is too large to represent the class in an adequate manner." *Id.* at 267.

Once a presumptive lead plaintiff is located, the presumption "may be rebutted *only* upon proof *by a member of the purported plaintiff class* that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at 268 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)) (emphasis in original). "[O]nly class members may seek to rebut the presumption." *In re Cendant Corp. Litig.*, 264 F.3d at 268. They must "prove that the presumptive lead plaintiff will not do a 'fair and adequate' job." *Id.*

## DISCUSSION

### Lovallo Is Appointed Lead Plaintiff

More than 90 days have passed since the complaint was filed and publicized on October 3, 2014. No motion to consolidate is pending. It is proper to appoint a lead plaintiff and lead counsel now.

Lovallo has shown that he has the largest financial interest in the relief sought by the class: he alleges to have sustained losses of $2,989 from Defendants' conduct, after purchasing 250 shares. Ex. C to Greenberg Decl. No other class member has submitted proof of having sustained losses so large, or possessing so many shares. *See* Mot. to Appoint Lead Plaintiff by

Jay Mesplay, Ex. 2 to Decl. of Laurence M. Rosen, ECF No. 9 (showing the purchase of 99 shares at $95.93 per share). Lovallo alleges to be a shareholder like any other whose holdings lost value because of Defendants' conduct. There is no indication that his circumstances are markedly different, or that the legal theory upon which his claims are based differs, from that upon which the claims of other class members will be based. No conflict between his interest and the interests of the other class members is apparent.

Lovallo's counsel attached a list of similar matters the firms have handled. Exs. D-E to Greenberg Decl. The cases appear to be of a similar nature to this one. With the long track record of both firms in class action securities litigation, the Court deems them adequate counsel. In no sense are Lovallo's choices "so deficient as to demonstrate that [he] will not fairly and adequately represent the interests of the class." *In re Cendant Corp. Litig.*, 264 F.3d at 266. Lovallo is an individual, not a group, so the second adequacy factor identified by the Third Circuit is not applicable.

Lovallo has made a *prima facie* showing of typicality and adequacy, and has offered unrebutted evidence that he has the largest interest in the recovery sought by the class. No member of the class has introduced evidence to rebut the presumption of adequacy or typicality. In light of the facts presented, and the lack of objection, the Court sees no reason to doubt Lovallo's adequacy or typicality, and appoints him lead plaintiff in this latter.

**Pomerantz LLP Is Appointed Lead Counsel and Lite DePalma Greenberg, LLC Is Appointed as Liaison Counsel**

Pomerantz LLP and Lite DePalma Greenberg, LLC are acting as counsel for Lovallo. *See* Compl. at 36; Mot. on Behalf of Jeremy A. Lieberman and Francis P. McConville for Leave to Appear Pro Hac Vice, ECF No. 3. The PSLRA allows a court to approve the choice of counsel

NOT FOR PUBLICATION

made by the most adequate plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(v). Faced with no objection, and in light of the qualifications of the firms, the Court sees no reason not to approve Lovallo's choice of counsel.

## CONCLUSION

Lovallo's motion is granted.

DATE: 1 April 2015

William H. Walls
Senior United States District Court Judge